## Charles Stacker v. Charles Allen.

1. Evidence—*Of Subsequent Conditions.*—Evidence as to the condition of a ditch, subsequent to the date of an injury complained of from its overflow, is not competent, until proof has been made showing that there had been no change in the same since the time of the injury, or if there had been a change, showing what it was.

2. Instructions—*In Close Cases.*—Where the evidence is conflicting and the case a close one great care should be exercised to make the instructions clear and accurate.

Appeal from the Circuit Court of Livingston County; the Hon. John H. Moffett, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed February 1, 1900.

A. C. Norton and F. W. Winkler, attorneys for appellant.

R. S. McIlduff, attorney for appellee.

Mr. Justice Higbee delivered the opinion of the court.

Since the year 1856 appellant has been the owner and in possession of the north half of the northeast quarter of section 8, township 26, range 7, in Livingston county. Appellee is the owner and in possession of the eighty acres lying immediately north of appellant's land, having purchased the same in the fall of 1892.

Appellant's land lies somewhat higher than the land immediately north of it, and the natural course of the drainage is toward the northwest. At the time appellant purchased his place there was a natural draw or depression in the surface, running from a point near the southeast corner thereof, in a northwesterly direction across his land and that now owned by appellee, to an outlet just beyond the northwest corner of the latter tract.

In 1866, to improve the drainage, appellant cut a furrow with a breaking plow in the draw, some two or three inches deep, and afterward, with the consent of the owner of the land, the ditch was deepened so as to increase its capacity.

Prior to the time appellee purchased his land, appellant had tiled his place, the outlet of the tile being a tile well located in the draw spoken of, on his north line, from which the water ran into the ditch. After appellee purchased his land he proposed to put tile in the ditch, and had some conversation with appellant in reference to the matter. Appellee stated that he was going to put in an eight-inch tile at his outlet and a four or five-inch tile at the south line of his land, where the water from appellant's tile well entered. Appellant contended that the tile proposed would not be sufficient to carry the water, and offered to pay the difference if appellee would put in a larger tile. This agreement appears to have been satisfactory to appellee, and it was suggested that a written contract be entered into between the parties, covering the agreement, but for some reason this contract was never signed, and no further steps were taken to carry it into effect. In December, 1893, appellee put in tiling of the size desired by appellant, but did not run it up to appellant's line, stopping at a point about thirty-one rods distant. Appellee placed a board over the end of the tile for the purpose of keeping out the dirt, which, however, appears to have seriously obstructed the flow of water. Appellant claims to have sustained injuries in 1895 and 1896, by reason of the flooding of his lands occasioned by the alleged obstruction of the natural drainage of the same by appellee, as above stated.

The declaration contains three counts, which, after alleging the existence of a natural water-course across the lands of the appellant and to and over the lands of appellee, charged: First, that appellee had obstructed the same by throwing and shoveling earth and other *debris* into it, and by plowing over and across the same, so as to flow water back upon appellant's land, by reason of which certain crops were lost to him in 1895 and 1896. Second, that appellee wrongfully plowed in and along the banks of said natural water-course and into and across the same, and threw large quantities of earth and other material into the same, filling it up, obstructing the flow of water, and refusing to remove the same when notified, whereby water was flowed

Stacker v. Allen.

back, to the injury of appellant, drowning his crops and rendering his premises wet and swampy and less fit for use. Third, that appellee filled up said water-course and placed therein tile wholly insufficient to carry off the water and that the water-course was filled in such a careless, negligent and improper manner, that water flowed back upon and injured the land of appellant.

There was a trial and a verdict and judgment for appellee.

Upon the trial the county surveyor was permitted to testify as to the condition of the ditch between appellant's tile well and the head of the tile on appellee's land in September, 1897. This was long after the injury complained of was alleged to have occurred, and some ten months after the bringing of the suit. Counsel for appellant objected to this testimony, but the court permitted the witness to testify as to the condition of the ditch at the time he saw it, upon the statement of appellee's counsel that it would be shown that the ditch was in the same condition then that it was at the time of the alleged injury.

There was no attempt, however, made by appellee to show that there was no change in the condition of the ditch between the two dates. The court should not have permitted the surveyor to have testified as to the conditions existing at the time he saw the ditch until proof had been made showing there had been no change in the same since the time of the injury complained of, or, if there had been a change, showing what it was. In admitting this evidence appellant's case may have been seriously prejudiced. Appellee testified that there was a hog-tight fence all along appellant's north line; that the bottom of the fence was close to the ground, crossed a small swale and held back the water. Appellant testified that the portion of the division fence which held back water was appellee's part, and kept up by him, but this testimony of appellant was excluded by the court. We think appellant was entitled to have this testimony given to the jury, for the purpose of contradicting the testimony of appellee that the water was held back by appellant's fence.

The third instruction given for appellee confined the dam-

ages to injuries resulting from obstructions to the flow of water from the mouth of the tile on appellant's land. This was incorrect, for the reason that appellant had a right to the flow, not only of the water from the tile, but of all the surface water which would have naturally gone in that direction.

Instruction No. 6, given for appellee, confined the damages to injuries caused by the tiling put in by him. This was erroneous, for the reason that the declaration charged, in addition thereto, the filling of the ditch by plowing in and along the banks and across the same, and by throwing and shoveling earth and other *debris* therein; and evidence was introduced in support of these charges.

The evidence was conflicting and the case a close one, and great care should have been therefore exercised to make the instructions clear and accurate.

For the errors above named, the judgment will be reversed and the cause remanded.